# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP2230-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Mark S. Tishberg, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>        Complainant,<br>    v.<br>Mark S. Tishberg,<br>        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST TISHBERG

| | |
|---|---|
| OPINION FILED: | October 28, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP2230-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Mark S. Tishberg, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Mark S. Tishberg,**

      **Respondent.**

**FILED**

OCT 28, 2014

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. We review the recommendation of the referee that Attorney Mark S. Tishberg be publicly reprimanded for professional misconduct. That misconduct consists of failing to abide by a client's decisions concerning the objectives of representation; failing to explain a matter to a client to the extent reasonably necessary to permit the client to make informed decisions regarding the representation; failing to act with reasonable diligence and promptness in representing

a client; failing to keep a client reasonably informed about the status of a matter; failing to promptly comply with reasonable requests by a client for information; failing to reduce a contingent fee agreement to writing; and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

¶2 In addition to a public reprimand, the referee recommended that Attorney Tishberg pay the costs of this proceeding. As of July 7, 2014, the Office of Lawyer Regulation (OLR) reported costs of $2,555.89.

¶3 No appeal has been filed, so we review this matter pursuant to Supreme Court Rule (SCR) 22.17(2).[1] We adopt the referee's findings of fact and conclusions of law and agree that a public reprimand is the appropriate discipline for Attorney Tishberg's misconduct in this matter. We further conclude that Attorney Tishberg should pay the costs of this disciplinary proceeding.

¶4 Attorney Tishberg was admitted to the practice of law in Wisconsin in 1990. He has no disciplinary history.

¶5 On October 7, 2013, the OLR filed a complaint against Attorney Tishberg alleging five counts of misconduct with

---

[1] SCR 22.17(2) states:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

2

respect to a personal injury matter he handled for a former client. Richard C. Ninneman was appointed referee.

¶6 By stipulation filed November 7, 2013, Attorney Tishberg admitted the allegations of misconduct contained in the complaint. Only the appropriate level of discipline for the violations remained in dispute.

¶7 Attorney Tishberg filed a written statement in which he conceded his misconduct but argued that a reprimand was the appropriate sanction. A colleague of Attorney Tishberg filed a letter attesting to Attorney Tishberg's good character and also requesting the issuance of a reprimand. The OLR filed a brief urging the imposition of a 90-day license suspension.

¶8 On June 2, 2014, the referee conducted an evidentiary hearing.

¶9 On June 17, 2014, the referee filed his report. Based on the parties' stipulation and filings, the referee found the following facts.

¶10 Attorney Tishberg is a sole practitioner in Milwaukee, who shares office space with several other attorneys. His practice is generally concentrated on criminal and family law, with an occasional personal injury matter. In such personal injury cases, Attorney Tishberg customarily enters into a written fee agreement with the client in order to set forth his contingent fee arrangement. He frequently is involved in pro bono representation of clients in the sense that he will take on matters without a retainer and knowing that the likelihood of

being compensated at a normal hourly rate or otherwise is fairly unlikely.

¶11  The OLR's complaint arises out of Attorney Tishberg's representation of two individuals, J.D. and his spouse, L.D., in a personal injury matter.  J.D. and L.D. were long-time personal friends of Attorney Tishberg's wife's family.  In January 2001, J.D. was injured while a passenger on a commercial airline flight.  J.D. hired Attorney Tishberg to file a lawsuit regarding the injury.  Although Attorney Tishberg customarily took on personal injury cases on a contingency basis, there is no evidence of a written fee agreement regarding Attorney Tishberg's representation of J.D.

¶12  In January 2004, Attorney Tishberg filed a complaint in circuit court against the airline and its underwriters, seeking damages on behalf of J.D. and L.D.  However, Attorney Tishberg failed to effect timely service on the defendants as required by statute, and the circuit court dismissed the action with prejudice in October 2004.

¶13  Attorney Tishberg did not advise J.D. or L.D. that their lawsuit had been dismissed.  According to the stipulation between Attorney Tishberg and the OLR, between October 2004 and March 2010, Attorney Tishberg represented to J.D. that he was negotiating a settlement of the lawsuit.  In late 2009 and early 2010, Attorney Tishberg repeatedly represented to J.D. that the case could settle for $12,000.  Attorney Tishberg planned to use fees he anticipating receiving from another client matter to

fund the $12,000 payment to J.D. and to thereby prevent J.D. and L.D. from finding out that their lawsuit had been dismissed.

¶14  In June 2010, J.D., having not received any funds from Attorney Tishberg, filed a grievance with the OLR.  It was not until after J.D. filed this grievance that Attorney Tishberg advised J.D. and L.D. that their personal injury lawsuit had been dismissed.

¶15  J.D. and L.D. engaged another lawyer to pursue a claim against Attorney Tishberg.  Attorney Tishberg settled the claim by executing a promissory note to J.D. and L.D. for a stated amount plus interest.  In December 2010, using monies from his personal retirement account, Attorney Tishberg paid J.D. and L.D. $13,270.85, which included the fees of J.D.'s and L.D.'s successor counsel.

¶16  Attorney Tishberg did not charge or collect any fees from J.D. and L.D., nor did he recover any of his disbursements with respect to their previous personal injury action.

¶17  Attorney Tishberg and the OLR stipulated, and the referee agreed, that Attorney Tishberg's actions described above constituted the following professional misconduct:

- COUNT ONE:  By failing to advise J.D. and L.D. that he had failed to timely serve the personal injury lawsuit in question, and by failing to advise J.D. and L.D. that the defendants had moved for, and the circuit court had granted, a dismissal of their lawsuit with prejudice, Attorney Tishberg violated former SCR 20:1.2(a) (failing to abide by a client's

decisions concerning the objectives of representation) and SCR 20:1.4(b) (failing to explain a matter to the client to the extent reasonably necessary to permit the client to make informed decisions regarding the representation).

- COUNT TWO: By failing to take the steps necessary to timely serve the personal injury lawsuit in question, Attorney Tishberg violated SCR 20:1.3 (failing to act with reasonable diligence and promptness in representing a client).

- COUNT THREE: By failing between 2004 and September 2010 to promptly respond to J.D.'s reasonable requests for information and to provide accurate information to J.D. about the status of his case, Attorney Tishberg violated SCR 20:1.4(a)(3) and (4) (failing to keep the client reasonably informed about the status of the matter and to promptly comply with reasonable requests by the client for information).

- COUNT FOUR: By failing to enter into a written fee agreement with J.D. and L.D., Attorney Tishberg violated SCR 20:1.5(c) (failing to reduce a contingent fee agreement to writing).

- COUNT FIVE: By engaging in a course of conduct to hide from J.D. that his personal injury lawsuit had been dismissed in October 2004, and to deceive J.D. into believing that J.D. might obtain or had obtained a settlement of the lawsuit, Attorney Tishberg

6

violated SCR 20:8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

¶18 Regarding the question of the appropriate discipline, the referee noted a variety of mitigating factors: (1) Attorney Tishberg has practiced for 24 years without any disciplinary problems; (2) Attorney Tishberg admits and is truly remorseful for his mistakes; (3) Attorney Tishberg possesses many positive character traits and performs extensive pro bono work; (4) Attorney Tishberg withdrew money from his personal retirement account to settle the claim brought by J.D. and L.D., who at the time were represented by separate counsel; and (5) Attorney Tishberg did not charge or collect any fees from J.D. and L.D., nor did he recover any of his disbursements with respect to their personal injury action.

¶19 The referee wrote that in light of such evidence, a 90-day suspension would be "disproportionately harsh." The referee instead recommended the issuance of a public reprimand.

¶20 The matter is now before this court to review the referee's report and recommendation. No appeal has been filed.

¶21 This court concludes that the record supports the referee's findings of fact and conclusions of law. They are unchallenged and this court adopts them.

¶22 With respect to the discipline to be imposed, we determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45,

7

660 N.W.2d 686. We agree with the referee that Attorney Tishberg's misconduct warrants a public reprimand. Attorney Tishberg's attempts to cover up the effects of his failure to timely serve J.D.'s and L.D.'s personal injury lawsuit were undeniably foolish. However, there is no evidence that Attorney Tishberg attempted or expected to obtain any personal gain as a result of his conduct. In addition, because Attorney Tishberg used his own retirement funds to pay J.D. and L.D. the apparent value of their personal injury claim plus their subsequent attorney fees, there was no monetary loss to the client. Attorney Tishberg cooperated completely in the investigation of this matter, has expressed genuine remorse for his misconduct, and has no previous history of misconduct. Under these circumstances, we are satisfied that a public reprimand of Attorney Tishberg is sufficient to impress upon him the seriousness of his professional misconduct and to protect the public from similar misconduct in the future.

¶23 The referee further recommended that Attorney Tishberg be required to pay all costs of the disciplinary proceeding, which total $2,555.89 as of July 7, 2014. Attorney Tishberg has not objected to or appealed from the referee's report and recommendation. Under SCR 22.24(1), this court has discretion to assess all or a portion of the costs of the disciplinary proceeding in which misconduct has been found against the respondent. There is no claim in the instant case that the costs requested by the OLR are excessive or unreasonable.

8

Accordingly, we order Attorney Tishberg to pay the costs of this proceeding, as recommended by the referee.

¶24  No restitution was sought and none is ordered in this proceeding.

¶25  IT IS ORDERED that Mark S. Tishberg is publicly reprimanded for his professional misconduct.

¶26  IT IS FURTHER ORDERED that within 60 days of the date of this order, Mark S. Tishberg shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶27  IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this decision.